IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVILAYSHA MAY HOOVER, : | |
| *Petitioner*, : | CIVIL ACTION |
| v. : | |
| : | NO. 17-2665 |
| SUPERINTENDENT OF SCI : | |
| CAMBRIDGE SPRINGS et al., : | |
| *Respondents*. : | |

# O R D E R

**AND NOW**, this 15th day of May, 2018, upon consideration of the Petition for Writ of *Habeas Corpus* filed by Petitioner Levilaysha May Hoover (Doc. No. 1), the Response thereto (Doc. No. 6), Magistrate Judge Thomas Rueter's Report & Recommendation (Doc. No. 7), and Petitioner's Objection to the Report & Recommendation (Doc. No. 11), it is **ORDERED** that:

1. The Petitioner's Objection (Doc. No. 11) is **OVERRULED**.[1]

2. The Report & Recommendation (Doc. No. 7) is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of *Habeas Corpus* (Doc. No. 1) is **DISMISSED** with prejudice without an evidentiary hearing.

4. There is no probable cause to issue a certificate of appealability.[2]

---

[1] The Court agrees with Magistrate Judge Rueter that Ms. Hoover's petition is untimely under 28 U.S.C. § 2244(d). *See* Report & Recommendation at 5. Ms. Hoover's conviction became final in 2010, and her state post-conviction proceedings concluded in 2014. (A successive, untimely state post-conviction petition concluded in March 2016.) She failed to file her federal habeas petition until June 2017, outside the one-year limitations period set by § 2244(d).

Further, the Court agrees that Ms. Hoover has not alleged facts sufficient to show that she is entitled to equitable tolling. *See* Report & Recommendation at 6–8.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable

5. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Magistrate Judge Rueter that there is no probable cause to issue such a certificate in this action.