IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **LEVILAYSHA MAY HOOVER,** | : | CIVIL ACTION |
| *Petitioner*, | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT OF SCI** | : | |
| **CAMBRIDGE SPRINGS et al.,** | : | NO. 17-2665 |
| *Respondents*. | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                          NOVEMBER 19, 2018

      *Pro se* Petitioner Levilaysha May Hoover filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on June 12, 2017. On May 15, 2018, the Court approved and adopted the Report and Recommendation of Magistrate Judge Thomas J. Rueter, dismissing Ms. Hoover's petition because Ms. Hoover failed to file within the one-year limitations period set by 28 U.S.C. §2244(d). The Court did not issue a certificate of appealability. On June 7, 2018, Ms. Hoover filed a motion to vacate this Court's order dismissing her petition. The Court denied this motion on August 17, 2018.

      On October 15, 2018, the Court received a letter from Ms. Hoover, informing the Court that she wants to file a notice of appeal and requesting an extension of time to do so because of delays in receiving her legal mail stemming from the Pennsylvania Department of Corrections' new mail policy and difficulty scheduling time in the law library. The Court docketed Ms. Hoover's letter as a Motion for Extension of Time to File a Notice of Appeal and gave the respondents three weeks to oppose the motion. The motion remains unopposed. As explained herein, Ms. Hoover's Motion for Extension of Time to File a Notice of Appeal is granted

because it was timely filed and Ms. Hoover has shown excusable neglect pursuant to Fed. R. App. P. 4(a)(5).

In civil cases, a notice of appeal must be filed within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If a party files a timely motion to alter or amend the judgment, the time to file an appeal runs for all parties from the entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(A)(iv). The Court may also extend the time to file a notice of appeal if a party files a motion for extension of time "within thirty (30) days after time has run under Rule 4(a) and that party shows excusable neglect or good cause." *Shaw v. Lavan*, Civ. No. 04-1992, 2005 U.S. Dist. LEXIS 14130, at *7 (E.D. Pa. July 13, 2005) (citing Fed. R. App. P. 4(a)(5)(A)). Under Fed. R. App. P. 4(a)(5)(B), such a motion may be *ex parte* if filed before the expiration of the prescribed time. Fed. R. App. P. 4(a)(5)(B). "But a motion seeking an extension filed . . . after the expiration of the prescribed time must be on notice to the parties." *Amatangelo v. Borough of Donora*, 212 F.3d 776, 778 (3d Cir. 2000) (citing Fed. R. App. P. 4(a)(5)(B)). For inmates in prison, a notice of appeal is considered filed once the notice is deposited in the prison's mail system. Fed. R. App. P. 4(c)(1).

Here, although the Court dismissed Ms. Hoover's petition on May 15, 2018, it will consider Ms. Hoover's motion to vacate as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. Therefore, the clock for Ms. Hoover's appeal started on August 17, 2018. Ms. Hoover had thirty (30) days to file a notice of appeal, making her deadline September 17, 2018. Ms. Hoover also had an additional thirty (30) days to file a motion for extension of time on notice to the parties, making this deadline October 17, 2018.

As set out in the Court's October 26, 2018 Order, the Court construed Ms. Hoover's letter as a request for an extension of time pursuant to Fed. R. App. P. 4(a)(5). Because a prison officer signed this letter on October 6, 2018, the Court will consider this date the filing date of the letter under Fed. R. App. P. 4(c)(1). Ms. Hoover sent this letter directly to the Court, but the Court docketed the letter and provided the respondents an opportunity to respond. Therefore, Ms. Hoover's motion for an extension of time to file a notice of appeal was on notice to the parties and timely. *See Ball v. Lamas*, Civ. No. 09-1918, 2013 U.S. Dist. LEXIS 56013, at *7 (E.D. Pa. Apr. 8, 2013) (finding that the notice requirement was met where the court docketed the petitioner's filing and gave the respondents an opportunity to respond).

When addressing a timely filed motion for the extension of time to file a notice of appeal, a court must determine whether a movant's failure to timely file a notice of appeal was due to "excusable neglect." In the Third Circuit, to determine whether the movant has established "excusable neglect," the Court must consider four factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Brodie v. Gloucester Twp.*, 531 Fed. Appx. 234, 236–237 (3d Cir. 2013) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). With these factors in mind, the Court concludes there was excusable neglect here.

First, there is little danger of prejudice to the non-movants. The respondents were given an opportunity to oppose Ms. Hoover's motion. They did not do so. The District Attorney's

3

Office of Berks County, the one respondent who submitted a response, stated that it "takes no position on the disposition of the instant petition."

Second, Ms. Hoover filed her letter requesting additional time to file a notice of appeal with the prison mail system sixteen (16) days after her deadline to file a notice of appeal expired. This is not a significant delay.

Third, Ms. Hoover attributes her delay to the changes to the Pennsylvania Department of Corrections' mail policy which took effect on September 10, 2018. *See* https://www.cor.pa.gov/Initiatives/Pages/FAQ-New-Procedures.aspx. The Court is aware that there have been delays in processing prisoner mail since the adoption of the new policy. Ms. Hoover also claims that she had trouble scheduling time in the law library due to staff shortages. These issues were not within Ms. Hoover's control.

Finally, the Court has no reason to believe that Ms. Hoover acted in bad faith. For these reasons, the Court concludes that Ms. Hoover's delay was due to excusable neglect and grants her motion for an extension of time.

Fed. R. App. P. 4(a)(5)(C) limits an extension under this rule to thirty (30) days after the original deadline or fourteen (14) days after the date when the order is granted, whichever is later. Therefore, Ms. Hoover is given fourteen (14) days from the date of this order to file her notice of appeal. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE